**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000044
17-APR-2025
08:15 AM
Dkt. 204 SO**

NO. CAAP-22-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LOLA L. SUZUKI, Claimant-Appellant-Appellant v.
AMERICAN HEALTHWAYS, INC., Employer-Appellee-Appellee, and
ST. PAUL TRAVELERS, Insurance Carrier-Appellee-Appellee, and
LORNE K. DIRENFELD, M.D.; GARY N. KUNIHIRO, ESQ.; and
SHAWN L.M. BENTON, ESQ., Appellees-Appellees


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NOS. AB 2007-497(S) and AB 2007-498(S);
DCD NOS. 2-06-14727 and 2-07-04617)


### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Lola L. **Suzuki**, representing herself, appeals from the December 28, 2021 **Order** of the Labor and Industrial Relations Appeals Board (**LIRAB**). The Order **(1)** granted two motions to compel two independent medical examinations (**IME**) filed by American Healthways,Inc. and St. Paul Travelers (together, **Employer**); **(2)** denied Suzuki's motion for partial summary judgment; and **(3)** denied Suzuki's request for sanctions against Employer. We vacate the Order in part, to the extent it granted Employer's motions to compel IMEs, and remand to the LIRAB for entry of findings of fact and conclusions of law supporting its decision to grant Employer's motions. We dismiss Suzuki's appeal from the LIRAB's denials of her motion for partial summary

judgment and her request for sanctions against Employer, for lack of jurisdiction.

On December 15, 2006, Suzuki reported injuring her right wrist on November 28, 2006, while using a computer mouse at work. She had an IME with Dr. Brian **Mihara** on March 30, 2007. She claimed she injured her left arm during the examination. Dr. Peter Lum performed an IME on July 6, 2007, to assess Suzuki's left arm injury. During a September 6, 2007 hearing in the Disability Compensation Division (**DCD**), Suzuki claimed she also had a neck injury and a sleep disorder because of the March 30, 2007 IME with Dr. Mihara.

On October 24, 2007, the **Director** of Labor and Industrial Relations determined that Suzuki sustained compensable work-related injuries, but denied her claim for her neck injury and sleep disorder. Suzuki appealed to the LIRAB. Her appeals were consolidated.

Suzuki had another IME with Dr. Lorne **Direnfeld** on November 9, 2009. Dr. Direnfeld wrote a sixty-nine page report dated November 16, 2009. In December 2011 Suzuki began filing fraud claims with the DCD against Dr. Direnfeld and Employer's counsel. The Director denied the fraud claims. Suzuki appealed to the LIRAB.

On July 24, 2018, the LIRAB issued a "Third Amended Pretrial Order" detailing the issues to be decided. They included whether Suzuki sustained a neck injury and sleep disorder injury on March 30, 2007, in the course of employment, and whether Dr. Direnfeld "committed fraud in this claim by willfully misrepresenting material facts for the purpose of denying benefits to [Suzuki]."

On November 18, 2021, Employer moved to compel Suzuki's attendance at two more IMEs. Suzuki filed an opposition, arguing there was no good cause shown for the IMEs under Hawaii Revised Statutes (**HRS**) § 386-79. She also moved for partial summary judgment on her entitlement to benefits. Employer replied that the IMEs "are proper and good cause exists" under HRS § 386-79(b)

because one IME was to assess Suzuki's neck pain, and the other was to assess her sleep disorder, issues identified in the pretrial order.

The LIRAB heard the motions on December 23, 2021. During the hearing Suzuki requested sanctions against Employer. On December 28, 2021, the LIRAB filed an order granting Employer's motions to compel IMEs and denying Suzuki's motion for partial summary judgment and request for sanctions. Suzuki moved for reconsideration or "judicial review" on January 6, 2022. The LIRAB filed an order denying reconsideration, but granting judicial review. The order said: "Claimant's pleading filed on January 6, 2022 shall be considered an appeal of the [LIRAB's] December 28, 2021 order." This appeal followed.

On November 3, 2022, we dismissed Suzuki's appeal for lack of jurisdiction. We concluded the Order was not appealable because it "does not end the LIRAB proceedings, leaving nothing further to be accomplished, nor does it finally adjudicate any matter of medical and temporary disability benefits." On certiorari, the supreme court held: "An order compelling a claimant to undergo an IME is sufficient to constitute the deprivation of adequate relief that is required under the preliminary ruling language of HRS § 91-14(a)." Suzuki v. Am. Healthways, Inc., 153 Hawaiʻi 265, 268, 533 P.3d 1212, 1215 (2023). The supreme court remanded the appeal for our further consideration.

Our review of a LIRAB decision is governed by HRS § 91-14(g) (2012 & Supp. 2019). Cadiz v. QSI, Inc., 148 Hawaiʻi 96, 106, 468 P.3d 110, 120 (2020). Under HRS § 91-14(g) we may remand the case with instructions for further proceedings. Cadiz, 148 Hawaiʻi at 106-07, 468 P.3d at 120-21.

HRS § 386-79(b) (Supp. 2019) states that an employer is limited to one IME per case "unless good and valid reasons exist with regard to the medical progress of the employee's treatment." Whether "good and valid reasons exist" for allowing more than one IME presents a mixed question of fact and law. An agency's

determination of a mixed question of fact and law is reviewed under the *clearly erroneous* standard because it depends on the facts and circumstances of the particular case.  In re Waiʻola O Molokaʻi, Inc., 103 Hawaiʻi 401, 421, 83 P.3d 664, 684 (2004).  An agency's "mixed determination of law and fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding or determination, or (2) despite substantial evidence to support the finding or determination, the appellate court is left with the definite and firm conviction that a mistake has been made."  Id.

Here, Suzuki argues "Employer did not meet the 'good cause' exemption in HRS § 386-79[.]"  Employer argues it did. The parties disagree about the facts, and about which facts were material to the LIRAB's decision.  "Like any agency findings, the LIRAB's findings should be sufficient to allow the reviewing court to track the steps by which the agency reached its decision."  Cadiz, 148 Hawaiʻi at 107, 468 P.3d at 121 (cleaned up).

The LIRAB's December 28, 2021 Order does not contain findings of fact or conclusions of law.  Because the LIRAB did not make findings of fact or conclusions of law about whether "good and valid reasons exist" for allowing the requested IMEs, we remand this case to the LIRAB to make findings of fact and conclusions of law explaining its decision.  Cf. In re Elaine Emma Short Revocable Living Tr. Agreement, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020) (stating, after probate court did not enter findings of fact supporting decision modifying trust provisions, "the ICA should have remanded the case to the probate court so that it could identify the facts it found to be in support of the modification").

We lack jurisdiction over Suzuki's appeal from the LIRAB's denial of her motion for partial summary judgment and her request to sanction Employer.  Those portions of the Order are not "of the nature that deferral of review pending entry of a

subsequent final decision would deprive [Suzuki] of adequate relief[.]"  HRS § 91-14(a).

We vacate the LIRAB's December 28, 2021 Order in part, to the extent it granted Employer's motions to compel IMEs, and remand to the LIRAB under HRS § 91-14(g) with instructions to enter findings of fact and conclusions of law supporting its decision to grant Employer's motions to compel IMEs.  Suzuki's appeal from the LIRAB's denials of her motion for partial summary judgment and her request to sanction Employer is dismissed for lack of jurisdiction, for the reasons stated in our November 3, 2022 order.

DATED: Honolulu, Hawaiʻi, April 17, 2025.

On the briefs:

Lola L. Suzuki,
Self-represented
Claimant-Appellant-
Appellant.

Scott G. Leong,
Kira J. Goo,
for Employer-Appellee-
Appellee American Healthways,
Inc.; Insurance Carrier-
Appellee-Appellee St. Paul
Travelers; and Appellees-
Appellees Gary N. Kunihiro,
Esq. and Shawn L.M. Benton,
Esq.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge